J-S33023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| TERRANCE TRICE | : | |
| | : | |
| Appellant | : | No. 1518 MDA 2016 |

Appeal from the PCRA Order August 15, 2016
In the Court of Common Pleas of Huntingdon County
Criminal Division at No(s):  CP-31-CR-0000132-2013

BEFORE:   BENDER, P.J.E., OTT, J. and STRASSBURGER, J.[*]

MEMORANDUM BY OTT, J.:                                    **FILED JUNE 26, 2017**

Terrance Trice appeals from the order entered August 15, 2016, in the
Huntingdon County Court of Common Pleas, dismissing his first petition for
collateral relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42
Pa.C.S. §§ 9541-9546.  Trice seeks relief from the judgment of sentence of
an aggregate nine to 18 years' imprisonment imposed on July 11, 2013,
following his entry of a guilty plea to charges of possession with intent to
deliver cocaine and heroin ("PWID") (two counts), criminal use of a
communication facility, and corrupt organizations.[1]   On appeal, Trice

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 7512(a) and 911(b)(4),
respectively.

contends the PCRA court erred in denying his petition when plea counsel provided ineffective assistance, and the now unconstitutional mandatory minimum sentencing statute, 18 Pa.C.S. § 7508,[2] was taken into consideration when crafting his negotiated sentence. For the reasons below, we affirm.

The facts and procedural history underlying this appeal are as follows. In late 2010 through early 2011, Huntington County law enforcement, in conjunction with the Pennsylvania Attorney General's Office, Bureau of Drug Investigation and Drug Control, conducted an investigation of the heroin and cocaine drug trade in Huntingdon County. The investigation disclosed Trice was a supplier in the Mt. Union area. *See* Police Criminal Complaint, Grand Jury Presentment, at 4, 9. The case was later presented to a grand jury, which recommended the following charges be filed against Trice: PWID (three counts), criminal use of communication facility (two counts), criminal conspiracy, corrupt organizations (two counts), dealing in proceeds of unlawful activity, and perjury.[3]

---

[2] Section 7508 provides for the imposition of a mandatory minimum sentence, following a conviction PWID, based upon the amount of drugs involved in the case. *See* 18 Pa.C.S. § 7508(a)(3) (cocaine), and (a)(7) (heroin).

[3] *See* 35 P.S. § 780-113(a)(30), and 18 Pa.C.S. §§ 7512(a), 903, 911(b)(3) and (b)(4), d 5111(a)(1), and 4902(a), respectively.

On July 11, 2013, Trice entered a negotiated guilty plea to two counts of PWID, and one count each of criminal use of communication facility, and corrupt organizations. In exchange for the plea, the Commonwealth withdrew the remaining charges, and agreed to an aggregate sentence of nine to 18 years' imprisonment. The Commonwealth also agreed to "waive" any disqualifying factors that would have made Trice ineligible for an early RRRI[4] release. N.T., 7/11/2013, at 2. The court imposed the negotiated sentence,[5] and no direct appeal was filed.

On June 18, 2014, Trice filed a *pro se* PCRA petition. Counsel was appointed, but subsequently filed a petition to withdraw and *Turner*/*Finley*[6]

_____

[4] Recidivism Risk Reduction Incentive, 61 Pa.C.S. § 4501, *et seq*. Therefore, Trice's RRRI minimum sentence was 45 months.

[5] Specifically, Trice was sentenced to two consecutive terms of four and one-half to nine years' imprisonment for both counts of PWID, a concurrent term of four and one-half to nine years' imprisonment for corrupt organizations, and a concurrent term of two to seven years' imprisonment for criminal use of communication facility. The sentence for PWID-heroin was imposed in the aggravated range of the guidelines, while the remaining sentences were outside the guideline ranges but within the statutory maximums. *See* Guideline Sentence Forms, 7/11/2013.

It merits emphasis that during the plea colloquy/sentencing hearing, plea counsel explained he had advised Trice that if he chose to proceed to trial the Commonwealth might have sought a mandatory minimum sentence on both counts of PWID pursuant to Section 7508. *See* N.T., 7/11/2013, at 7.

[6] *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

"no merit" letter. The PCRA court granted counsel's petition to withdraw on October 16, 2014, but did not dispose of Trice's PCRA petition. Thereafter, on May 29, 2015, new counsel entered his appearance for Trice,[7] and filed an amended PCRA petition on November 16, 2015, asserting plea counsel's ineffectiveness, and the improper consideration of the mandatory minimum sentencing statutes during the plea negotiations in light of the United States Supreme Court's decision in **Alleyne v. United States**, 133 S.Ct. 2151 (U.S. 2013).[8] The PCRA court conducted an evidentiary hearing on January 29, 2016. Thereafter, on August 15, 2016, the court dismissed Trice's PCRA petition. This timely appeal followed.[9]

_____

[7] It is unclear from the record if present counsel was retained or appointed.

[8] In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, **supra**, 133 S.Ct. at 2155. In interpreting that decision, the courts of this Commonwealth have determined that most of our mandatory minimum sentencing statutes, including 18 Pa.C.S. § 7508, are unconstitutional because the language of those statutes "permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Commonwealth v. Newman**, 99 A.3d 86, 98 (Pa. Super. (Pa. Super. 2014) (_en banc_), _appeal denied_, 121 A.3d 496 (Pa. 2015). **See Commonwealth v. Mosley**, 114 A.3d 1072, 1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S. § 7508), **appeal denied**, ___ A.3d ___ [387 MAL 2015/714 MAL 2015] (Pa. February 9, 2017). Further, our courts have held that the unconstitutional provisions of the mandatory minimum statutes are not severable from the statute as a whole. **Commonwealth v. Hopkins**, 117 A.3d 247, 262 (Pa. 2015); **Newman**, **supra**, 99 A.3d at 101.

[9] On September 23, 2016, the PCRA court ordered Trice to filed a concise statement or errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). _(Footnote Continued Next Page)_

In his first issue, Trice argues the PCRA court erred in dismissing his petition because he established plea counsel provided ineffective assistance. Specifically, he claims counsel was unprepared to proceed to trial, and, in fact, never provided Trice with the written statement of the purported "ring leader" of the drug organization. Trice's Brief at 17. Trice also asserts counsel insisted he would "do fifty years" if he did not accept the plea, and, in fact, might be indicted on federal charges. *Id.* at 19. Accordingly, Trice contends his decision to plead guilty "was based on the misinformation concerning the federal charges, the scare tactic for a fifty year sentence if he went to trial, and [his] belief that [his attorney] was unprepared to go to trial[.]" *Id.* at 20.

Our review of an order denying PCRA relief is well-established:

> This Court reviews a PCRA court's decision in the light most favorable to the prevailing party. *Commonwealth v. Hanible*, 612 Pa. 183, 30 A.3d 426, 438 (2011). Our review is limited to a determination of whether the record supports the PCRA court's factual findings and whether its legal conclusions are free from error. *Id.* "A PCRA court's credibility findings are to be accorded great deference, and where supported by the record, such determinations are binding on a reviewing court." *Commonwealth v. Treiber*, ___ Pa. ___, 121 A.3d 435, 444 (2015) (citing *Commonwealth v. Dennis*, 609 Pa. 442, 17 A.3d 297, 301 (2011)). We review the PCRA court's legal conclusions de novo. *Commonwealth v. Roney*, 622 Pa. 1, 79 A.3d 595, 603 (2013).

_____
*(Footnote Continued)*

Trice complied with the court's directive, and filed a concise statement on October 4, 2016.

*Commonwealth v. Williams*, 141 A.3d 440, 452 (Pa. 2016). Furthermore, when considering a claim asserting trial counsel's ineffectiveness, we must bear in mind:

> "In order to obtain relief under the PCRA premised upon a claim that counsel was ineffective, a petitioner must establish beyond a preponderance of the evidence that counsel's ineffectiveness 'so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.'" *Commonwealth v. Payne*, 794 A.2d 902, 905 (Pa. Super. 2002), *quoting* 42 Pa.C.S.A. § 9543(a)(2)(ii). When considering such a claim, courts presume that counsel was effective, and place upon the appellant the burden of proving otherwise. *Id.* at 906. "Counsel cannot be found ineffective for failure to assert a baseless claim." *Id.*

> To succeed on a claim that counsel was ineffective, Appellant must demonstrate that: (1) the claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's ineffectiveness prejudiced him. *Commonwealth v. Allen*, 833 A.2d 800, 802 (Pa. Super. 2003).

*Commonwealth v. Michaud*, 70 A.3d 862, 867 (Pa. Super. 2013). "To demonstrate prejudice, a petitioner must show that there is a reasonable probability that, but for counsel's actions or inactions, the result of the proceeding would have been different." *Commonwealth v. Mason*, 130 A.3d 601, 618 (Pa. 2015).

The PCRA court found Trice "did not meet his burden of proof by establishing that the advice of his court appointed attorney was anything other than correct." PCRA Court Opinion, 8/15/2016, at 10. Moreover, the court found "that had [Trice] truly wanted to go to trial, [counsel] would have been prepared and would have done the best he could under the

- 6 -

circumstances." *Id.* Our review of the testimony at the PCRA hearing reveals ample support for the court's findings and contradicts Trice's allegations.

First, counsel testified that although he "would have felt comfortable going to trial," he believed it was in Trice's best interest to accept the guilty plea. N.T., 1/29/2016, at 21. Counsel explained Trice "wasn't completely denying any involvement in the matter but was trying to minimize his level of involvement to basically characterize himself as a drug user and not being a major player as the Commonwealth was trying to characterize him." *Id.* at 6. *See also id.* at 91-92 (counsel stating Trice acknowledged to him that he had delivered cocaine and heroin). Further, counsel noted the Commonwealth's evidence included (1) a statement from the "main player," which implicated all of the co-conspirators, including Trice,[10] and (2) surveillance video of Trice and his girlfriend driving back and forth to a motel room where the drug operation was run. *Id.* at 6, 8. Therefore, the evidence against Trice was compelling.

Furthermore, the record does not support Trice's allegation that counsel told him "there is a possibility of the federal prosecutor indicting him if he did not accept the plea offer that was placed in front of him." Trice's

_____

[10] Although Trice alleges counsel did not provide him with that statement, counsel testified he "would have given [Trice] a copy" of the statement if it was in the discovery package. N.T., 1/29/2016, at 6.

Brief at 19. Rather, counsel testified he may have told Trice "you're better with the State prosecuting this than the Feds" because Trice would face more time in federal court. N.T., 1/29/2016, at 17. However, he did not state the guilty plea would foreclose the possibility of federal charges. *See id.* at 17-18. Lastly, with regard to Trice's sentencing exposure, counsel testified that even if the mandatory minimum sentences were inapplicable, the standard range Trice faced was "in excess of what the Commonwealth's offering." *Id.* at 16. Again, counsel denied telling Trice "you must take a plea or you're going to do 40, 50 years." *Id.* at 40.

Therefore, the record supports the findings of the PCRA court. Moreover, Trice's own testimony, particularly under questioning by the PCRA court, reveals that he wanted a lighter sentence, rather than a new trial. *See id.* at 73-74. *See also* PCRA Court Opinion, 8/15/2016, at 10-11. Accordingly, no relief is warranted on his first issue.

Next, Trice contends the PCRA court erred in determining that the *Alleyne* decision did not apply to his case.[11] *See* Trice's Brief at 21. He argues:

---

[11] We note that despite the fact Trice included this issue in both his amended PCRA petition and concise statement, the PCRA court did not specifically address this claim in its August 15, 2016, opinion accompanying the order denying relief, or its October 26, 2016, opinion filed pursuant to Pa.R.A.P. 1925(a).

All plea offers in this case were based on [the] unconstitutional mandatory's [in Section 7508] as [Trice] was looking at a five year mandatory for count one and a seven year mandatory[] for count two, three, and four. The **Alleyne** case was decided prior to the guilty plea or soon before, therefore, **Alleyne** is proper to be decided by the [PCRA] court. The [PCRA] court ruled that **Alleyne** was not a factor in that [Trice] accepted the plea offer of 9-18 years in total. However, said 9-18 years consisted of mandatory sentences contemplated by both [Trice] and the Commonwealth. Since mandatory's are not constitutional as they were written in 2013, it cannot be said that the plea offer that was accepted is appropriate and therefore a new term should be awarded based on sentencing guidelines only.

*Id.* at 21-22.

First, Trice's negotiated sentence did **not** include the imposition of any Section 7508 mandatory minimum, and, therefore, was not violative of **Alleyne**. Accordingly, in order to obtain relief, Trice must establish plea counsel's ineffectiveness in failing to discuss the potential applicability of **Alleyne** to the facts of his case caused him to enter an involuntary plea.[12] **See** 42 Pa.C.S. § 9543(a)(2)(ii).

_____

[12] We note a petitioner may also attack a guilty plea under Subsection (a)(2)(iii), by demonstrating his guilty plea was "unlawfully induced where the circumstances make it likely that the inducement caused the petitioner to plead guilty and the petitioner is innocent." 42 Pa.C.S. § 9543(a)(2)(iii). However, here, Trice did not raise the applicability of Subsection 9543 (a)(2)(iii) in either his *pro se* or amended PCRA petition. Therefore, it is waived. **See Commonwealth v. Mason**, 130 A.3d 601, 639 (Pa. 2015). Furthermore, even if we were permitted to address this claim, Trice would be entitled to no relief because he has not established he is innocent of the charges. Indeed, although Trice testified at the evidentiary hearing he was not guilty of the charges he pled guilty to, (**see** N.T., 1/29/2016, at 79) PCRA counsel testified Trice admitted to him that he was involved, in some capacity, with the drug operation. **See id.** at 91-92 (counsel testifying Trice
*(Footnote Continued Next Page)*

Our review of the record reveals Trice failed to establish that counsel had no reasonable basis for his actions, or that Trice was prejudiced as a result. First, counsel testified he advised Trice to accept the negotiated plea based upon a "combination" of the potential mandatory sentences he might face and the standard guideline range sentences. N.T., 1/29/2016, at 42. Counsel stated:

> I mean, you know, if the Commonwealth could prove weight and if [Section] 7508 was invoked, he was going to get more time. If he went and a Judge just said, well, I'm not buying off on the mandatories but then looked at the standard range, he was looking at more time. So any way you slice it he was looking at more time and that was communicated to him.

*Id.* Accordingly, even considering the impact of ***Alleyne***, which at that time was still unknown,[13] we agree counsel had a reasonable basis for advising Trice to accept the guilty plea.

*(Footnote Continued)* ⎯⎯⎯⎯⎯⎯⎯⎯⎯

"acknowledged delivering the cocaine" and "delivering the heroin to people").

[13] We note the early decisions interpreting ***Alleyne***, "implied that [a defendant] could legally stipulate to the amount of drugs recovered, and agree to the imposition of the mandatory minimum sentence under Section 7508." ***Commonwealth v. Rivera***, 154 A.3d 370, 379 (Pa. Super. 2017) (*en banc*). The ***Rivera*** panel further espoused:

> Indeed, it was not until our decision in ***Newman***, ***supra***, filed in August of 2014, that an *en banc* panel held Pennsylvania's mandatory minimum sentencing statutes, which permitted a trial court to increase a defendant's minimum sentence based upon a preponderance of the evidence standard, were unconstitutional under ***Alleyne*** and incapable of severance. After ***Newman***, this Court consistently rejected any harmless error analysis that attempted to circumvent the plain language of the statutes.

*(Footnote Continued Next Page)*

- 10 -

Moreover, we also conclude Trice failed to establish he was prejudiced by counsel's purported ineffectiveness. Indeed, at no time during the evidentiary hearing did Trice testify that "but for" counsel's failure to discuss the **possible** impact of ***Alleyne*** on the **possible** application of Section 7508, he would not have entered a guilty plea. ***See Mason***, ***supra***. Indeed, the implication of Trice's testimony is that he pled guilty based on a number of factors, which included the possibility of mandatory minimum terms. ***See*** N.T., 1/29/2016, at 67-69. However, as trial counsel testified, even if the Section 7508 mandatory sentences were not applied, Trice's standard range guideline sentences would have exceeded the negotiated term. ***Compare Commonwealth v. Patterson***, 143 A.3d 394 (Pa. Super. 2016) (remanding for an evidentiary hearing to provide defendant with the opportunity to show that he "would have withdrawn his guilty plea [entered one week before ***Alleyne*** was filed] had counsel properly advised him of

*(Footnote Continued)* ——————————

***Id.*** at 378.

   In ***Rivera***, the defendant entered a negotiated guilty plea, which included the imposition of a mandatory minimum sentence, after ***Alleyne*** was filed, but before ***Newman*** was decided. In concluding plea counsel was not ineffective, the ***Rivera*** panel found "the PCRA court properly determined counsel had a reasonable basis for advising Rivera to accept the plea, based upon the harsher sentence Rivera would have faced had he proceeded to trial." ***Id.*** at 379.

*Alleyne* and the effect it would have on his sentencing").[14] Accordingly, Trice is entitled to no relief.

      Order affirmed.

Judgment Entered.

*[signature]*

Joseph D. Seletyn, Esq.
Prothonotary

Date: 6/26/2017

_____

[14] In **Patterson**, unlike here, the PCRA court did **not** conduct an evidentiary hearing before dismissing the petition. Furthermore, in that case, the defendant entered his plea one week **before Alleyne**, with no agreement as to sentencing. **Patterson**, **supra**, 143 A.3d at 396. However, at the sentencing hearing, held **after Alleyne**, the court acknowledged that the parties had reached a "negotiated agreement for a term of incarceration" that did not include a mandatory minimum sentence. **Id.** Therefore, in remanding for an evidentiary hearing, the **Patterson** panel stated that if the defendant could prove "he agreed to the negotiated sentence only under the undue influence of an unconstitutional mandatory minimum sentencing scheme[,]" he would be entitled to a new sentencing hearing. **Id.** at 399. Here, however, Trice is entitled to no such remedy because his guilty plea **included** the negotiated sentence. Therefore, his only avenue for relief was to demonstrate counsel's ineffectiveness caused an unknowing plea, which he failed to do.